UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHAWN P. WILLIAMSON                                                   PLAINTIFF

v.                                        CIVIL ACTION NO. 3:07CV-P482-M

LARRY D. CHANDLER *et al.*                                    DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Shawn P. Williamson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, some of the claims will be dismissed and the remaining claims will proceed for further development.

### I. BACKGROUND AND SUMMARY OF CLAIMS

Plaintiff is currently incarcerated at the Kentucky State Reformatory ("KSR"). As Defendants, he sues the following individuals in both their individual and official capacities: Larry D. Chandler, KSR Warden; Dr. Scott A. Haas, Medical Director of the Kentucky Department of Corrections ("KDOC"); John D. Rees, Commissioner of the KDOC; and Dr. Greenman, Medical Director of KDOC. As relief, Plaintiff seeks compensatory and punitive damages. In his complaint, Plaintiff claims that in August 2005 he fell off his bunk at the "RCC prison." Thereafter Plaintiff states that he was sent to "GRCC prison" and began to experience intense pain in his right shoulder. He claims that the medical staff at GRCC told him that it was only arthritis. After failing to receive any treatment at GRCC, Plaintiff requested a transfer to KSR, which was eventually approved. After a year at KSR, Plaintiff finally received an MRI on his right shoulder. The MRI revealed that Plaintiff has a torn "Glenoid Labrum." Despite two outside doctors stating that Plaintiff needs surgery to avoid further damage to his shoulder,

Plaintiff alleges that Defendant doctors (presumably Dr. Haas and Dr. Greenman) will not approve him for surgery. Plaintiff appears to be claiming that these actions violate his Eighth Amendment right to be free from cruel and unusual punishment and amount to medical malpractice (negligence).

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.     Official capacity claims for damages against all Defendants**

The official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official

capacity claims for damages against all Defendants must be dismissed.

**B.      Defendants Rees and Chandler**

It appears that Plaintiff seeks to hold Defendants Rees and Chandler liable based on their supervisory positions as Commissioner and Warden, respectively.  However, the doctrine of respondeat superior does not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Rather, "liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982).  To establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays*, 668 F.2d at 872-74).  Plaintiff has failed to allege any facts showing that either Defendant encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any unconstitutional conduct.  "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  Thus, the fact that Defendants Rees and Chandler may have failed to follow up on Plaintiff's requests for surgery is insufficient to impose liability upon them.  *See Poe v. Haydon*, 853 F.2d 418, 429 (6th

Cir. 1988) ("At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983."); *Davis v. Sapp*, No. 99-5769, 2000 WL 572067 (6th Cir. May 1, 2000) (finding no supervisory liability where it was alleged that defendants were aware of deficiencies in plaintiff's medical treatment but failed to intervene). The same is true as to any allegation that Defendants Rees and Chandler knew of the alleged inadequate medical care by way of the grievance procedure. *See Shehee v. Luttrell*, 199 F.3d at 300 (finding no supervisory liability where prisoner's "only allegations against [prison officials] involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Accordingly, all claims against Defendants Rees and Chandler must be dismissed for failure to state a claim upon which relief may be granted.

**C.**     **Remaining Claims**

On review, the Court will allow Plaintiff's Eighth Amendment individual capacity claims to proceed against Defendants Haas and Greenman for failure to provide him with surgery to treat his shoulder. Plaintiff also appears to be asserting a state law medical malpractice claim against the Defendant doctors. "In Kentucky, if the physician's service falls below the expected level of care and skill and this negligence proximately caused injury or death, then all elements of a malpractice action have been met." *Grubbs v. Barbourville Family Health Ctr., P.S.C.*, 120 S.W.3d 682, 688 (Ky. 2003).

Having determined that Plaintiff has alleged a cognizable federal cause of action against

Defendants for the purposes of initial review, the Court may, but is not required, to exercise supplemental jurisdiction over the state law malpractice claims.  Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  "The facts surrounding the state claim need only be loosely connected to the federal claim to form part of the same case or controversy."  *Blakely v. United States*, 276 F.3d 853, 862 (6th Cir. 2002) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).  After consideration of the relationship between Plaintiff's federal and state law claims, the Court concludes the exercise of supplemental jurisdiction over Plaintiff's state law medical malpractice claim is proper in this case as the facts between the federal and state claims are substantially similar.

       The Court will enter Orders consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
       Defendants

4414.008